# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2012

No. 11-60692
Summary Calendar

Lyle W. Cayce
Clerk

DE LAGE LANDEN FINANCIAL SERVICES, INCORPORATED,

Plaintiff - Appellee

v.

ERIC DAHLHAUSER,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-cv-567

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Eric Dahlhauser appeals a summary judgment in favor of Plaintiff-Appellee De Lage Landen Financial Services, Inc. ("DLL"), for the amount due on a lease agreement for which Dahlhauser executed a guaranty. We AFFIRM.

DLL leased medical radiotherapy equipment to defendant Cedar Lake Oncology, LLC, under their "Master Lease Agreement" and "Master Lease

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60692

Schedules" (collectively, the "Lease Agreement").  Dahlhauser and two other defendants, Laurence Lines and Biloxi Radiation Oncology Center, LLC, each executed a guaranty of Cedar Lake's obligations under the Lease Agreement.

Cedar Lake defaulted on rental payments due under the Lease Agreement. DLL accelerated the future rental payments due and brought this suit for the unpaid balance against Cedar Lake, Biloxi, Lines, and Dahlhauser.  Cedar Lake, Lines, and Biloxi agreed to a consent decree.  The decree allowed Cedar Lake to retain possession of the equipment and required Cedar Lake, Lines, and Biloxi to adhere to a schedule of payments, to provide DLL with additional security, and to take other measures to ensure that DLL would be paid. Dahlhauser was not a party to the consent decree.

Cedar Lake, Lines, and Biloxi failed to make the payments required by the consent decree.  On DLL's motion, the district court entered judgment against those defendants for the unpaid balance of the amount due under the Lease Agreement.  DLL also moved for summary judgment against Dahlhauser, contending that his guaranty makes him jointly and severally liable with the other defendants.  The district court granted the motion and entered judgment against Dahlhauser.  We review a grant of summary judgment de no novo, affirming the judgment "if we find that no genuine issue of material fact remained for trial and that judgment was proper as a matter of law." *Stewart v. Miss. Transp. Com'n*, 586 F.3d 321, 327 (5th Cir. 2009) (internal quotation marks and citation omitted).

Dahlhauser raises three issues on appeal.  First, he contends that there is a genuine issue of material fact as to the amount of damages.  Dahlhauser points to evidence that DLL has collected payments from other defendants that are not reflected in the amount stated in the judgment.  This is not material.  As the district court explained, "[a]ny payments that have been or will be made by other parties will reduce the amount owed by Dahlhauser, since the Guaranty

No. 11-60692

provides that he and the other Guarantors are jointly and severally liable for the amounts due . . . ."  Dahlhauser also argues that the value of the leased equipment should be deducted from DLL's recovery.  Dahlhauser did not raise this argument below.  "[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal." *Matco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009).  Moreover, the Lease Agreement permits DLL to choose between taking possession of the leased equipment or accelerating the rental payments and recovering the unpaid balance.

Second, Dahlhauser argues that the consent decree was a novation, displacing Cedar Lake's obligations under the Lease Agreement and thereby extinguishing Dahlhauser's obligations under the guaranty.  Novation occurs only if "the parties intended to discharge the earlier contract." *Buttonwood Farms, Inc. v. Carson*, 478 A.2d 484, 486 (Pa. Super. 1984).[1]  The district court found that the consent decree did not discharge the Lease Agreement, and we agree.  The decree states that the defendants party to it "acknowledge and reaffirm" their obligations under the Lease Agreement.  Also, Dahlhauser's guaranty permits DLL to enforce its terms notwithstanding any waiver or compromise DLL might make in its efforts to recover from Cedar Lake.

Third, Dahlhauser argues that the district court abused its discretion in refusing to allow Dahlhauser to conduct additional discovery before considering DLL's summary judgment motion.  *See* FED. R. CIV. P. 56(d).  A litigant seeking to delay consideration of a summary judgment motion in order to allow additional discovery must show that he has pursued discovery diligently thus far.  *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).  In this case, the district court observed that Dahlhauser elected to minimize litigation expenses by not conducting any discovery prior to the lapse of the

---

[1] The parties agree that Pennsylvania law governs their contractual arrangements.

deadline.  Ongoing settlement negotiations do not excuse suspending discovery efforts.  *Beattie*, 254 F.3d at 606.

Dahlhauser would also have to show "(1) why []he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." *Id.*  Dahlhauser seeks discovery regarding the amount DLL has recovered from other defendants, as well as "the specific value of the leased equipment" and "the value of any other available assets that DLL refuses to utilize."  As noted above, the amount DLL has recovered in payments from other defendants or through taking assets they provided as security is immaterial because they and Dahlhauser are jointly and severally liable, and the issue of mitigation through repossession of the equipment is raised for the first time on appeal.

Dahlhauser also argues that he should have been allowed additional discovery to "better demonstrate that the process by which he was induced to sign the guaranty was procedurally unfair, thereby allowing him to show that the agreement was unconscionable."  As the district court observed in rejecting the unconscionability argument below, the circumstances in which Dahlhauser executed the guaranty are within his personal knowledge.  The affidavit testimony Dahlhauser offered regarding those circumstances is largely conclusory.  The remainder, if true, would nevertheless fail to establish that Dahlhauser lacked a meaningful choice in executing the guaranty.  *See* S*ally v. Option One Mortg. Corp.*, 925 A.2d 115, 119 (Pa. 2007) (contract unconscionable when, *inter alia*, "there was a lack of meaningful choice" in its acceptance).

The district court's judgment is AFFIRMED.

4